IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| KATHERINE FLYNN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 19-2882-SHL-tmp |
| | ) |
| MEMPHIS PATHOLOGY LABORATORY | ) |
| (AEL), | ) |
| | ) |
|     Defendant. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Katherine Flynn's amended complaint against Sonic Healthcare USA (AEL). (ECF No. 9.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons set forth herein, the court recommends that Flynn's complaint be dismissed pursuant to § 1915.

I.   PROPOSED FINDINGS OF FACT

Flynn filed a *pro se* complaint alleging Title VII violations by her former employer, Memphis Pathology Laboratory (AEL), on December 23, 2019. (ECF No. 1.) The court granted her motion to proceed *in forma pauperis* on January 7, 2020. (ECF No. 7.) In a separate order, the court *sua sponte* authorized Flynn to file an amended complaint to cure certain deficiencies as set forth in

that order. (ECF No. 8.) Flynn filed her amended complaint on February 3, 2020. (ECF No. 9.) Despite providing Flynn the opportunity to amend her complaint, she filed an amended complaint with facts that are virtually identical to those in her original complaint, with the exception being that the amended complaint lists the defendant as Sonic Healthcare USA (AEL). (Id. at 1.) Using a form provided by the Clerk's office to assist *pro se* litigants asserting employment discrimination claims, Flynn checked boxes alleging termination of her employment, retaliation, race discrimination, and color discrimination. (Id. at 3-4.) Flynn also alleges defamation of character. (Id. at 3.) In the section of her complaint devoted to the facts of the case, Flynn wrote that she "was assaulted by another employee on 6/6/2019" and was terminated less than a week later. (Id. at 4.) According to Flynn, the instigator of the assault was not discharged. (Id.)

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Standard of Review**

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

B.  **Race and Color Discrimination**

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect

to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Race discrimination and color discrimination are distinct concepts. See Cooper v. Jackson-Madison Cty. Gen. Hosp. Dist., 742 F. Supp. 2d 941, 950-51 (W.D. Tenn. 2010); see also Hood v. City of Memphis Pub. Works Div., No. 17-2869, 2018 WL 2387102, at *3-4 (W.D. Tenn. Jan. 8, 2018). "The essential elements of a Title VII race-discrimination claim are: (1) that the plaintiff is a member of a protected group; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the position; and (4) that either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside his protected class." Hood, 2018 WL 2387102, at *3 (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010)). "[C]olor discrimination is distinct from race discrimination in that the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" Moore v. Food Lion, No. 3:06-0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007) (quoting Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 n.5 (4th Cir. 2002)).

In order to state a claim of race discrimination under Title VII, a plaintiff must plead facts from which the court can infer that the employer's wrongful conduct related to the plaintiff's race. See Williams v. USW, AFL-CIO, Local 7697, No. 1:09-cv-743, 2010 WL 909883, at *5 (S.D. Ohio Mar. 10, 2010); see also Hood, 2018 WL 2387102, at *3 ("Hood never alleges that the verbal abuse was related to his race, and 'Title VII does not protect against a generally abusive working environment.'") (quoting Lauro v. Tomkats, Inc., 9 F. Supp. 2d 863, 871 (M.D. Tenn. 1998)). The same holds true for color discrimination. See Cooper, 742 F. Supp. 2d at 951; see also Hood, 2018 WL 2387102, at *4 ("Hood's allegations are 'devoid of any hint that his particular skin tone motivated the alleged discrimination.'") (quoting Bryant, 288 F.3d at 132 n.5). In this case, Flynn has not provided any facts from which the court could infer that Flynn's employer discriminated against her on the basis of race or color. Accordingly, it is recommended that these claims be dismissed.

**C.   Title VII Claim of Retaliation**

In addition to alleging wrongful termination, Flynn also seeks to bring a Title VII claim of retaliation against her employer. "To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action

against him; and (4) the adverse action had a causal connection to the protected activity." Hood, 2018 WL 2387102, at *5 (citing Morris v. Oldham Cty. Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000)). "[T]here are two types of 'protected activity' for purposes of a Title VII retaliation claim: (1) 'oppos[ing] any practice made an unlawful employment practice' by Title VII, and (2) making a charge, testifying, assisting, or participating in an 'investigation, proceeding, or hearing' under Title VII." Id. (quoting 42 U.S.C. § 2000e-3(a)). Flynn's amended complaint provides no allegations from which the court could infer that Flynn engaged in protected activity, a deficiency which ends the court's analysis of her retaliation claim at the § 1915 screening stage. Accordingly, to the extent Flynn seeks to assert a retaliation claim against her employer, the amended complaint fails to state a claim and should be dismissed. See Barnett, 414 F. App'x at 786 ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).

**D.   Supplemental Jurisdiction**

Flynn attempts to assert a defamation claim in her complaint. However, the complaint provides no basis for federal jurisdiction apart from the claims under Title VII. Because the complaint fails to state a claim under Title VII, the court should decline to exercise supplemental jurisdiction over the state law defamation

claim. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); Matthews v. City of Collierville, No. 13-2703-JDT-tmp, 2014 WL 69127, at *7 (W.D. Tenn. Jan. 8, 2014). Accordingly, it is recommended that the state law claim be dismissed without prejudice.

### III. RECOMMENDATION

Based on the foregoing analysis, it is recommended that the complaint be dismissed under § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 5, 2020
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**