IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATHERINE FLYNN,<br><br>  Plaintiff,<br><br>v.<br><br>MEMPHIS PATHOLOGY LABORATORY (AEL); SONIC HEALTHCARE USA (AEL); AMERICAN ESOTERIC LABORATORIES,<br><br>  Defendants. | )<br>)<br>)<br>)  No. 2:19-2882-cv-SHL-tmp<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT**

Before the Court is Magistrate Judge Tu M. Pham's Report and Recommendation (the "Report"), dated February 5, 2020, in which Judge Pham recommends dismissing Flynn's Amended Complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 10.) Flynn filed an objection to the Report on February 19, 2020, asking for entry of default judgment and relief against Defendants. (ECF No. 11.)

For the following reasons, Flynn's objections are **OVERRULED**, and the Report's recommendations are **ADOPTED**. Flynn's Amended Complaint against Defendants Memphis Pathology Laboratory (AEL), Sonic Healthcare USA (AEL), and American Esoteric Laboratories is **DISMISSED WITHOUT PREJUDICE**. Flynn may still pursue remedies in state court for her breach of contract and defamation allegations, but this Court lacks jurisdiction over those claims.

## BACKGROUND

Judge Pham summarized the procedural history of this case in his Report:

> Flynn filed a *pro se* complaint with this Court alleging Title VII violations by her former employer, Memphis Pathology Laboratory (AEL), on

> December 23, 2019.  (ECF No. 1.)  The court granted her motion to proceed *in forma pauperis* on January 7, 2020. (ECF No. 7.) In a separate order, the court *sua sponte* authorized Flynn to file an amended complaint to cure certain deficiencies as set forth in that order. (ECF No. 8.) Flynn filed her amended complaint on February 3, 2020. (ECF No. 9.)

(ECF No. 10 at PageID 36–37.)

Both Flynn's original complaint and the Amended Complaint were completed using a form provided by the Clerk's office to assist *pro se* Title VII claimants.  (Id.; see also ECF Nos. 1, 9.)  On those forms, Flynn classified her allegations by checking the boxes for termination of employment and retaliation.  (ECF No. 1 at PageID 3.)  In her Amended Complaint, Flynn also checked the box labelled "Other" and added the allegation of defamation.  (ECF No. 9 at PageID 32.)  Judge Pham summarized the facts as follows:

> In the section of her complaint devoted to the facts of the case, Flynn wrote that she "was assaulted by another employee on 6/6/2019" and was terminated less than a week later. (Id. at 4.)  According to Flynn, the instigator of the assault was not discharged.  (Id.)

(ECF No. 10 at PageID 37.)

Flynn alleged discriminatory termination of employment and retaliation on the basis of her race and color.  (ECF No. 9 at PageID 32–33.)  Though the Title VII form asks the complainant to state her race when alleging racial discrimination, she did not do so on the Amended Complaint, and did not provide the race or color of her fellow employees or her employer.  (ECF No. 9.)

The Amended Complaint contains essentially the same factual allegations as the initial complaint.  (ECF No. 9 at Page ID 33; ECF No. 1 at Page ID 4.)  However, the Amended Complaint changed the named defendant to Sonic Healthcare USA (AEL).  (ECF No. 9 at Page ID 1.)  Judge Pham recommended dismissing the Amended Complaint for failure to state a claim in his Report and Recommendation dated February 5, 2020.  (ECF No. 10 at PageID 42.)

2

Flynn objected to the Report on February 19, 2020, and requested a default judgment and relief pursuant to Rule 55 of the Federal Rules of Civil Procedure.[1] (ECF No. 11 at Page ID 43.) Flynn's objections, while not a pleading, provide more details about the altercation on June 6, 2019. (Id. at Page ID 44.) The objections also provide more context regarding Flynn's subsequent termination as an employee of American Esoteric Laboratories on June 10, 2019. (Id. at Page ID 45.)

Flynn attached several exhibits to her objection. Some exhibits show communication between Flynn and the Equal Employment Opportunity Commission. (ECF No. 11 at Page ID 55–56.) Other exhibits include the disposition of the Memphis Pathology Laboratory's appeal of Flynn's unemployment insurance claim. (Id. at Page ID 57–62.) One exhibit, signed by Sergeant C. Young of the Memphis Police Department, is an unofficial transcript of a conversation between Sergeant Young and Flynn's direct supervisor. (Id. at Page ID 53–54.) None of the attached documents allege any discrimination based on race or color, and neither the race nor the color of the allegedly preferred employee is mentioned. (Id.)

## JURISDICTION

This Court has original jurisdiction to the extent that the termination, retaliation and discrimination claims are alleged to arise out of the federal Civil Rights Act of 1964. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court may exercise

---

[1] Default judgment is only proper where the opposing party has failed to plead or defend its claims. Fed. R. Civ. P. 55. Here, Defendants have not failed to plead or defend their claims because they have not yet been served with the complaint. Instead, the Court here is acting pursuant to its duty to screen *in forma pauperis* complaints for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i–iii). Thus, because there has not yet been an opportunity for Defendants to respond, default judgment is improper.

supplemental jurisdiction over the defamation claim, a claim based in state law, only if the federal claims are not dismissed. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action with such original jurisdiction that they form part of the same case or controversy.").

## STANDARD OF REVIEW

Congress created the role of magistrate judges to assist with the burdens on federal courts by empowering magistrate judges to take on certain duties of the district court. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869–70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A magistrate judge may prepare for the district court a report and recommendation on various pretrial issues, including dismissal for failure to state a claim. 28 U.S.C. § 636(b)(1)(B).

For reports and recommendations on dispositive motions, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b). After reviewing the evidence, the court is free to accept, reject or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review those aspects of the report and recommendation to which no specific objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When there is no proper objection filed, the district court should review the report and recommendation only for clear error. Fed. R. Civ. P. 72 advisory committee's note to 1983 addition.

Here, the Report and Recommendation submitted by Judge Pham came during the screening phase of the case. The district court must screen *in forma pauperis* complaints and dismiss any complaint, or any portion thereof, if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii). "To survive scrutiny under . . . § 1915(e)(2)(B)(ii), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6).

"A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). The factual allegations must support the legal conclusions; mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* litigants are held to a less stringent standard of pleading than lawyers, and their complaints are liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, a complaint filed *pro se* must adhere to the Federal Rules of Civil Procedure. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

## ANALYSIS

Plaintiff alleges that Defendants discriminated against her by terminating her employment and retaliating against her based on her race and color when they addressed a

5

conflict she had with another employee. Title VII provides that it shall be "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Race discrimination is distinct from color discrimination. See Cooper v. Jackson-Madison Cty. Gen. Hosp. Dist., 742 F. Supp. 2d 941, 950–51 (W.D. Tenn. 2010); see also Hood v. City of Memphis Pub. Works Div., No. 17-2869, 2018 WL 2387102, at *3–4 (W.D. Tenn. Jan. 8, 2018).

"The essential elements of a Title VII race discrimination claim are: (1) that the plaintiff is a member of a protected group; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the position; and (4) that either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside his protected class." Hood, 2018 WL 2387102, at *3 (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010)). "[C]olor discrimination is distinct from race discrimination in that the former 'arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" Moore v. Food Lion, No. 3:06-0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007) (quoting Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 n.5 (4th Cir. 2002)).

It is axiomatic that, to state a claim of race discrimination under Title VII, the plaintiff must plead facts which allow the court to infer that the employer's wrongful termination related to the plaintiff's race. See Williams v. USW, AFL-CIO, Local 7697, No. 1:09–cv–743, 2010 WL 909883, at *5 (S.D. Ohio Mar. 10, 2010); see also Hood, 2018 WL 2387102, at *3 ("Hood

never alleges that the verbal abuse was related to his race, and 'Title VII does not protect against a generally abusive working environment.'") (quoting Lauro v. Tomkats, Inc., 9 F. Supp. 2d 863, 871 (M.D. Tenn. 1998)).  For a color discrimination claim under Title VII, the court must be able to ascertain that the termination occurred because of the color of the plaintiff's skin.  See Cooper, 742 F. Supp. 2d at 951; see also Hood, 2018 WL 2387102, at *4 ("Hood's allegations are 'devoid of any hint that his particular skin tone motivated the alleged discrimination.'") (quoting Bryant, 288 F.3d at 132 n.5).

Judge Pham found that "Flynn has not provided any facts from which the court could infer that Flynn's employer discriminated against her on the basis of race or color," and this Court finds the same.  (ECF No. 10 at Page ID 40.)  Flynn, in her Amended Complaint, alleges that her employer treated a former fellow employee, Amber Howard, differently for the same conduct.  (ECF No. 1 at PageID 3.)  However, Flynn does not provide the race or color of herself or Amber Howard.  (ECF No. 1 at PageID 3.)  Thus, while there is a factual allegation that the termination was wrongful, Flynn does not allege anyone's race or color, necessary facts for claims that the termination was the result of race or color discrimination.  Flynn likewise does not provide the missing link in her objection to the Report.  (ECF No. 11 at Page ID 47–48.)  Though Flynn averred additional facts in her objection, the additional facts center around the altercation preceding Flynn's termination, with no allegations as to the color or race of Flynn or Howard.  (ECF No. 11 at Page ID 47–48.)  Because there are no factual allegations to support different treatment based on race or color, the Title VII termination claims are **DISMISSED**.

As for her retaliation claim, "[t]o state a claim of retaliation under Title VII, a plaintiff must allege that: (1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against him;

7

and (4) the adverse action had a causal connection to the protected activity." Hood, 2018 WL 2387102, at *5 (citing Morris v. Oldham Cty. Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000)). "[T]here are two types of 'protected activity' for purposes of a Title VII retaliation claim: (1) 'oppos[ing] any practice made an unlawful employment practice' by Title VII, and (2) making a charge, testifying, assisting, or participating in an 'investigation, proceeding, or hearing' under Title VII." Id. (quoting 42 U.S.C. § 2000e-3(a)).

Flynn's Amended Complaint provides no allegations from which the Court could infer that her employer knew that Flynn engaged in protected activity.  (ECF No. 9 at Page ID 33; ECF No. 1 at Page ID 4.)  In her objections, Flynn argues that she contacted the Equal Employment Opportunity Commission on the same day that she was terminated.  (ECF No. 11 at Page ID 45.)  Not only is this allegation not included in her Amended Complaint, she also does not allege that her employer knew about the communication or that her termination was in response to this protected activity.  (ECF No. 11 at Page ID 45.)  Indeed, it appears that the protected activity occurred after the termination, such that the termination could not have been retaliatory.  (ECF No. 11 at PageID 55.)  Flynn's allegations are insufficient to support her claim of retaliation based on Title VII protected activity, and the retaliation claim is thus **DISMISSED**. See Barnett, 414 F. App'x at 786 ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).

Flynn's remaining allegations against her employer sound in state law rather than federal law.  Flynn asserted "defamation" as a claim in her Amended Complaint, and her objections include various citations to the employee handbook, presumably as an argument that the employer's actions may have violated an employee-employer agreement.  (ECF No. 9 at Page ID

32; ECF No. 11 at Page ID 47–48.)  These state law claims for defamation and breach of contract, unaccompanied by federal law claims, belong in state, not federal, court.  See 28 U.S.C. § 1367(a).  Flynn's claims that sound in defamation and breach of contract are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, the Report is **ADOPTED**.  Flynn's Motion for Default Judgment is **DENIED**, and Flynn's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 29th of September, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
